WILLIAM H. DOYLE, ARIZONA BAR NUMBER 007285
CARLOS A. HERNANDEZ, ARIZONA BAR NUMBER 031461
THE DOYLE FIRM, P.C.
1313 E. OSBORN ROAD, SUITE 220
PHOENIX, ARIZONA 85014
TELEPHONE: (602) 240-6711
FACSIMILE: (602) 240-6951
WDOYLE@DOYLELAWGROUP.COM
CHERNANDEZ@DOYLELAWGROUP.COM
FIRM EMAIL: ALG@DOYLELAWGROUP.COM

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Grech Motors Inc., a foreign corporation, | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Westinghouse Air Brake Technologies Corporation, a foreign corporation *d/b/a* Wabtec Corporation and *d/b/a* Vapor Bus International, | |
| Defendants. | |

Grech Motors, Inc. ("Plaintiff"), for its Complaint against Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation and Vapor Bus International (collectively "Defendant"), alleges as follows:

## **PARTIES**

1. Plaintiff Grech Motors, Inc. is a California corporation doing business in Phoenix, Arizona.

2. Defendant Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation and Vapor Bus International (collectively "Westinghouse") is a Pennsylvania

corporation, and at all times mentioned herein, was authorized to and was doing business within the State of Arizona.

**VENUE**

3. Jurisdiction is proper in this court under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within this judicial district.

5. Plaintiff is a California corporation with its principal place of business in Riverside, California.

6. Defendant Westinghouse Air Brake Technologies Corporation is a Delaware corporation with its principal place of business in Wilmerding, Pennsylvania.

**GENERAL ALLEGATIONS**

7. Defendant was engaged in the design, manufacture, sale, installation, maintenance, and service of electric actuated passenger doors and lock mechanisms.

8. Plaintiff was engaged in the manufacturing and sale of custom luxury shuttle transportation buses.

9. Prior to October 7, 2017, Defendant sold electric actuated passenger doors and lock mechanisms to Plaintiff.

10. Prior to October 7, 2017, Plaintiff purchased a door and lock mechanism designed and manufactured by Defendant.

11. Prior to October 7, 2017, Plaintiff installed the door and lock mechanism it purchased from Defendant onto one of its custom luxury shuttle transportation buses.

12. Prior to October 7, 2017, Plaintiff's installation of the door and lock mechanism was performed in compliance with the directions and specifications of the Defendant.

13. Prior to October 7, 2017, Plaintiff did not alter or modify the door and lock mechanism sold by Defendant when it installed the door and lock mechanism on its custom luxury shuttle transportation buses.

14. Prior to October 7, 2017, Plaintiff did not have any knowledge of any defect in the door and lock mechanism sold by Defendant.

15. Prior to October 7, 2017, Plaintiff sold a custom luxury shuttle transportation bus equipped with an electric actuated passenger door and lock mechanism purchased from Defendant to non-parties Top Notch Transportation LLC and Phx Limo, LLC, all of which are located in Phoenix, Arizona.

16. On or around October 4, 2019, non-party Shawn Martin filed a products liability lawsuit against Plaintiff, Defendant, and non-parties in the Superior Court of Arizona alleging he sustained injuries resulting from an October 7, 2017 incident occurring within Phoenix, Arizona.

17. On October 7, 2017 in Phoenix, Arizona, non-party Shawn Martin's finger was severed when he approached a party bus door while another passenger simultaneously initiated the door and lock mechanism sold by Defendant.

18. Non-Party Shawn Martin's Complaint alleges that the door and lock mechanism manufactured by Defendant was defective and also the cause of non-party Shawn Martin's accident, injury, and damages.

19. Based on non-party Shawn Martin's allegation that the defectively designed and/or manufactured door and lock mechanism was the cause of his injury, counsel for

Plaintiff issued a tender of defense and indemnity to counsel for Defendant on or around February 3, 2020.

20.   On or around February 18, 2020, counsel for Defendant denied Plaintiff's tender.

21.   On or around March 17, 2020, counsel for Plaintiff once again issued a tender of defense and indemnity to counsel for Defendant. The tender was ultimately denied.

22.   On or around December 23, 2020, Plaintiff settled non-party Shawn Martin's claims against both Plaintiff and Defendant.

23.   On or around December 23, 2020, Plaintiff sought and secured a settlement release from non-party Shawn Martin releasing any and all product liability claims against both Plaintiff and Defendant.

24.   As a result of Defendant's tender denials, Plaintiff incurred defense-related fees and costs.

25.   As a result of Defendant's tender denials, Plaintiff incurred costs related to the settlement of non-party Shawn Martin's products liability claim against both Plaintiff and Defendant.

26.   Defendant has failed to pay Plaintiff's defense-related fees costs, including settlement monies paid to non-party Shawn Martin, incurred as a result of non-party Shawn Martin's lawsuit.

## FIRST CAUSE OF ACTION
### (Statutory Indemnity § A.R.S. 12-684)

27.   Plaintiff re-alleges and incorporates by reference paragraphs 1 – 27 as if fully set forth herein.

28. Prior to the October 7, 2017 incident involving non-party Shawn Martin, Plaintiff did not have knowledge of any defect in the subject door and lock mechanism purchased from Defendant.

29. Prior to the October 7, 2017 incident involving non-party Shawn Martin, Plaintiff did not alter or modify the door and lock mechanism it purchased from Defendant.

30. Prior to October 7, 2017 incident involving non-party Shawn Martin, Plaintiff installed the subject door and lock mechanism onto its custom luxury shuttle transportation buses in compliance with the directions and specifications of the Defendant.

31. Pursuant to A.R.S. §12-684, Defendant is required to indemnify Plaintiff for any future judgment rendered against Plaintiff in the products liability action brought forward by non-party Shawn Martin.

32. Pursuant to A.R.S. §12-684, Defendant is required to reimburse Plaintiff for reasonable attorneys' fees and costs incurred by Plaintiff for its defense in the products liability action brought forward by non-party Shawn Martin.

## SECOND CAUSE OF ACTION

### (Common Law Implied Indemnity)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 27 as if fully set forth herein.

34. Plaintiff is entirely without active fault with regards to the acts or omissions giving rise to non-party Shawn Martin's product liability claim against Plaintiff, and thus, Plaintiff is entitled to recovery from Defendants.

35. Pursuant to the facts of this case and the parties' relationships, as well as Arizona common law and A.R.S. § 12-684, Plaintiff, which bears no active fault as to any of the claimed damages of non-party Shawn Martin, is entitled to Common Law Indemnity from Defendants for its reasonable attorneys' fees, expert fees, costs, and all other expenses

related in any way to this action, including any amount paid as a result of a settlement, award, judgment or compromise.

## THIRD CAUSE OF ACTION

### (Contribution - §§ A.R.S. 12-2501, et seq.)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 27 as if fully set forth herein.

37. Based on non-party Shawn Martin's allegation that Defendant's defectively designed and/or manufactured door and lock mechanism was the cause of his injury, counsel for Plaintiff issued a tender of defense and indemnity to counsel for Defendant on or around February 3, 2020.

38. On or around February 18, 2020, counsel for Defendant denied Plaintiff's tender.

39. On or around March 17, 2020, counsel for Plaintiff once again issued a tender of defense and indemnity to counsel for Defendant. The tender was ultimately denied.

40. On or around December 23, 2020, Plaintiff settled non-party Shawn Martin's claims against both Plaintiff and Defendant.

41. On or around December 23, 2020, Plaintiff sought and secured a settlement release from non-party Shawn Martin releasing any and all product liability claims against both Plaintiff and Defendant.

42. Pursuant to A.R.S. §§ 12-2501, et seq., Plaintiff is entitled to contribution in excess of its pro rata share of fault and/or negligence for non-party Shawn Martin's product liability claim against both Plaintiff and Defendant.

43. Defendants are liable to Plaintiff for their pro rata share of Plaintiff's liability based on Defendant's degree of fault and principals of equitable contribution.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

(a) For general and special damages according to proof at time of trial of not less than $310,000; including:

  i. The cost of Plaintiff's legal defense in the underlying lawsuit;

  ii. The Plaintiff's attorneys' fees incurred in defending the underlying lawsuit;

  iii. The amount paid in settlement of non-party Shawn Martin's lawsuit against Plaintiff.

(b) For prejudgment and post-judgment interest;

(c) For reasonable costs and attorneys' fees pursuant to A.R.S. §§12- 341 and 12-341.01;

(d) For declaratory relief as set forth herein;

(e) For such other relief as the law and this Court deems just and proper.

DATED this 17th day of February, 2021.

THE DOYLE FIRM, P.C.


By /s/ William H. Doyle
William H. Doyle
Carlos A. Hernandez
1313 E. Osborn Road, Suite 220
Phoenix, Arizona 85014
Attorney for Plaintiff